```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                          SOUTH BEND DIVISION
```

KEN PECZKOWSKI d/b/a          )
GRIFFON BOOK STORE,           )
                              )
Plaintiff,                    )
                              )
v.                            )    No.  2:13-CV-16
                              )
WESTFIELD INSURANCE           )
COMPANY,                      )
                              )
Defendant.                    )

## OPINION AND ORDER

This matter is before the Court on the Petition for Remand, filed by Plaintiff, Ken Peczkowski d/b/a Griffon Book Store, on January 17, 2010.  For the reasons set forth below, the motion for remand is **GRANTED**.  Accordingly, this case is **REMANDED** to St. Joseph Superior Court.

BACKGROUND

In December of 2012, Plaintiff, Ken Peczkowski d/b/a Griffon Book Store ("Peczkowski"), filed a complaint in St. Joseph Superior Court arising from an insurance dispute with Defendant, Westfield Insurance Company ("Westfield").  According to the complaint, a July 2012 windstorm caused $17,525 in property damage to the Griffon Book Store, and that property was covered under

Peczkowski's Westfield Insurance Policy.  Not only does Peczkowski allege Westfield breached its contract by not paying for the storm damage, but he also asserts Westfield engaged in bad faith in denying his claim.  As such, Peczkowski is seeking $17,525 to compensate him for his actual loss and an addition $50,000 in punitive damages.

On January 9, 2013, Westfield filed a petition for removal based on diversity of jurisdiction.  Westfield explains that it is an Ohio corporation with its principal place of business in Ohio, while Peczkowski is a citizen of Indiana.  In addition, Westfield also claims that there is a reasonable probability that the amount in controversy exceeds $75,000.  Westfield bases this on the compensatory damage claim of $17,525, the punitive damage claim of $50,000, and the potential attorneys fees and costs.  Moreover, to further substantiate the notion that the amount in controversy exceeds $75,000, Westfield alleges that Peczkowski had made a demand of $135,000.

Peczkowski has filed the instant motion asking this Court to remand the case back to state court because Westfield has failed to establish that the amount in controversy at the time of removal exceeded $75,000.

DISCUSSION

Peczkowski argues that this case should be remanded back to

state court for lack of jurisdiction because Westfield has failed to prove the requisite amount in controversy.

Removal of this case would be appropriate if it could have originally been filed here. 28 U.S.C. § 1441. Westfield removed the case from state court based on diversity jurisdiction. 28 U.S.C. § 1332. For diversity jurisdiction to exist, the parties are required to have diverse citizenship and the matter in controversy must exceed the sum or value of $75,000. 28 U.S.C. § 1332(a); *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 957 (7th Cir. 1998). It is Westfield's burden to show complete diversity exists between the parties as well as proving that Peczkowski's complaint stated a claim for more than $75,000 at the time it filed its notice of removal. *In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997); *BEM I, L.L.C. v. Anthropoligie, Inc.*, 301 F.3d 548, 552 (7th Cir. 2002)(teaching that the relevant date for determining whether the minimum amount in controversy is present is the date of removal). The parties do not really dispute[1] that complete diversity exists. What is in dispute is whether Westfield has shown, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.

---

[1] Peczkowski does claim that the initial petition to remove failed to state that Westfield was a citizen of Ohio on the date of filing the complaint. However, the petition to remove clearly identifies Westfield is a citizen of Ohio. (DE # 3, ¶ 7).

In many states the starting point for determining the amount in controversy is the face of the complaint, where the plaintiff may value his request for relief. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). However, this is usually of no help in Indiana because Indiana's civil procedure law prohibits plaintiffs from requesting such specific relief. Ind. Trial R. 8(A)(2). Thus, there is typically no *ad damnum* clauses in complaints filed in Indiana state courts. Here, however, the Court is presented with a unique situation; Peczkowski included an *ad damnum* clause. He requested "damages of $17,525.00 for plaintiff's actual loss, and an additional $50,000.00 in punitive damages . . . and for all other just and proper relief." (DE# 1). Aside from the term of art, "for all other just and proper relief," included in the complaint, Peczkowski is seeking $67,525.00 in damages.

Westfield tries to establish by a preponderance of the evidence that Peczkowski's claims meet the $75,000 jurisdictional threshold in two ways. First, it points to a correspondence from Plaintiff's counsel, which Westfield says constitutes a $135,000 demand. This, Westfield argues, shows that the claim exceeds $75,000. However, taking a closer look at the relevant portions of this correspondence from Plaintiff's counsel illustrates that there is no serious $135,000 demand from Peczkowski.

> I am enclosing a revised repair estimate prepared by Midland Engineering in the amount of $17,175.00. . . . Westfield is liable for this.

> I am enclosing a property valuation, estimating the 121 W. Colfax Avenue property in the amount of $135,000. I am uncertain as to why you are insisting on paying the cash value of the property when your policy clearly permits you to simply pay the repair costs.
>
> If you insist on paying the cash value of the property, rather than the repair costs, my clients will be formally demanding payment in the amount of $135,000.00.

(DE# 18-1).

Regardless, this letter was communicated after the complaint was filed and, thus, has little value. So, the October 12, 2012, correspondence does not help Westfield meet its burden of establishing the jurisdictional requisite.

Westfield also attempts to get above the $75,000 threshold by arguing that legal fees may count toward the amount in controversy. And, since Plaintiff is seeking $67,525, Westfield asserts there is a reasonable probability that attorney fees will get that figure above $75,000. In support of this argument that attorney fees are recoverable as damages here, Westfield cites to Indiana Code section 34-52-1-1. This section gives the court discretion to award attorney fees when a party brings or defends frivolous claims, or litigates in bad faith. This has been expanded to include when a plaintiff gets a verdict in a bad faith insurance case. *Patel v. United Fire & Casualty Co.*, 80 F.Supp.2d 948, 962-63 (N.D. Ind. 2000). While *Patel* instructs that this Court may ultimately have the discretion to award attorney fees against

Westfield, *Patel* does nothing to shed light on whether the Court should include that potential attorney fee award in calculating the amount in controversy.

This Court finds that such a potential award should generally not be included in determining the amount in controversy. It is true that when attorney fees are sought as part of the underlying claim, they are properly considered part of the amount in controversy. *Missouri State Life Ins. Co. V. Jones*, 290 U.S. 199, 202 (1933). However, the Seventh Circuit has taught that any attorney fees awarded under a separate post-judgment right to "costs," such as those under section 34-52-1-1, rather than part of a plaintiff's underlying claim, should not be considered as part of the amount in controversy. *El v. AmeriCredit Financial Services, Inc.*, No. 12-3310 2013 WL 1150210, * 4 (7th Cir. March 20, 2013). Because any attorney fees in this case would be awarded as a separate post-judgment right rather than part of Peczkowski's underlying claim, they are not considered part of the amount in controversy.

Not only are any potential attorney fees under section 34-52-1-1 not to be included in the "amount in controversy," but there is a strong likelihood that the attorney fees would not be recoverable in the first place. Indeed,*Patel* acknowledged that, while section 34-52-1-1 allows a court to award attorney fees following a plaintiff verdict in bad faith insurance litigation, that was

likely not the purpose of section 34-52-1-1. *Id.* Furthermore, it is not commonplace for this Court to award such a sanction. See e.g. *Wagler v. West Boggs Sewer Dist., Inc.*, 980 N.E.2d 363, 383(Ind. Ct. App. 2012)(noting that a trial court has broad discretion in determining whether to award attorney's fees under section 34-52-1-1). So, to include the possibility that Westfield will have to pay Peczkowski's attorney fees as a sanction in calculating the amount in controversy would be improper.

Ultimately, neither the complaint itself nor any submitted evidence demonstrates, by a preponderance of the evidence, that there is a reasonable probability that the amount in controversy exceeds $75,000. To the contrary, it is quite certain that the recovery will be below $75,000. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 542 (7th Cir. 2006). Therefore, the Court is without subject m atter jurisdiction and this case must be remanded back to state court.

CONCLUSION

For the reasons set forth above, the petition for remand is **GRANTED**. Accordingly, this case is**REMANDED** to St. Joseph Superior Court.

**DATED: April 16, 2013**          /s/RUDY LOZANO, Judge
                                   **United States District Court**